## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JUWANNA ROLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **DONNELLY COLLEGE,** | ) | **REQUEST FOR JURY TRIAL** |
| | ) | |
| **and** | ) | |
| | ) | |
| **RUSSELL ROBINSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, Plaintiff JuWanna Roland ("Plaintiff"), by and through her undersigned counsel, and for her Complaint against Defendants Donnelly College ("Defendant College") and Russell Robinson ("Defendant Robinson"), alleges and states as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff is, and at all pertinent times was, a female citizen of the United States, residing in the State of Missouri.

2.      Upon information and belief, Defendant is, and at all pertinent times was, a municipal subdivision of the State of Kansas and receiving federal and state funding, acting under color of state law.

3.      Upon information and belief, Defendant Russell Robinson, is and at all pertinent times was, a male individual acting under color of state law.  He is sued in his individual capacity.

4.      Defendant offers goods, services, facilities, and accommodations to the public.

5.      This lawsuit is based upon and arises under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"), the Fourteenth Amendment to the United States

Constitution through 42 U.S.C. § 1983; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); and Kansas common law.

6.     The unlawful acts and practices set forth below were committed within the State of Kansas.

7.     Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

8.     The Court has pendent jurisdiction over Plaintiff's state law claims because the claims arise and involve the same nexus of law and fact.

## GENERAL ALLEGATIONS AND BACKGROUND COMMON TO ALL COUNTS

9.     In the fall of 2021, Plaintiff began attending school at Defendant College to obtain her LPN degree.

10.     During her first year at Defendant College, Plaintiff informed one of her professors that she experiences testing anxiety, especially when she is near other people and when there are sounds in the environment.

11.     This professor referred to Plaintiff as "dumb."

12.     Defendant College never provided Plaintiff with accommodation nor did Defendant College engage in an interactive process with Plaintiff to attempt to accommodate her.

13.     At all relevant times, Plaintiff suffered from the mental impairment of anxiety.

14.     Plaintiff's mental impairment substantially limits one or more of her major life activities, including thinking and concentrating.

15.     With or without reasonable accommodation, Plaintiff was able to fully participate in and receive the benefits of Defendant College's services, programs, and activities.

16.     At all times, Plaintiff was a qualified individual with a disability.

17.     Plaintiff had a record of having a disability.

18.     Defendant College regarded Plaintiff as disabled.

19.     Defendant College failed to accommodate Plaintiff's disability.

20.     Defendant College failed to engage in an appropriate interactive process with Plaintiff.

21.     At multiple points while attending school at Defendant College, Plaintiff was subjected to inappropriate comments.

22.     For example, on one occasion, occasion, Plaintiff's Professor, Defendant Russell Robinson said, in class, "women don't learn well and learn better if I piss them off."

23.     Upon information and belief, Defendant Robinson also served on the Board for Defendant's College.

24.     On or about September 11, 2022, Plaintiff's class was held at a Waffle House restaurant.

25.     When Plaintiff arrived at the restaurant, her professor (Defendant Robinson) was not yet present.

26.     Plaintiff sat down in a booth with the other students who were present.

27.     When Defendant Robinson arrived at the restaurant, he sat next to Plaintiff.

28.     At one point, Defendant Robinson took his hand and grabbed and squeezed Plaintiff's leg, while rubbing his hand up and down Plaintiff's leg.

29.     Plaintiff was extremely uncomfortable,

30.     Plaintiff took Defendant Robinson's hand and flung it off of her leg.

31.     In response, Defendant Robinson smiled and carried on in his conversation with the group.

32.     After the inappropriate physical touching at the Waffle House restaurant, Plaintiff tried to meet with Defendant College's Director of Nursing to discuss the harassment; however, she refused to meet with Plaintiff.

33.     In or about October 2022, Defendant Robinson commented during Plaintiff's class that if anyone wanted to report him, it would not go well because of his "status" with Defendant College.

34.     Defendant Robinson further stated/threatened that he could make complaints against him go away, just like he could make points on exams go away.

35.     On another occasion, Defendant Robinson said, "if anyone wants to do anything to me I have guns in my car."

36.     He then proceeded to describe what specific guns he has.

37.     In or about October 2022, Defendant Robinson walked up to Plaintiff during class and rubbed his body on Plaintiff's body while standing.

38.     Plaintiff flinched away from Defendant Robinson; extremely upset and uncomfortable.

39.     On or about October 31, 2022, Plaintiff, along with other students, were assigned a community center to assist with handing out candy for Halloween.

40.     While there, Plaintiff was approached by a professor who said to Plaintiff, "I see you kept your mouth shut" and walked away laughing.

41.     Plaintiff believed this comment was attributed to the harassment Defendant Robinson was inflicting upon her.

42.     At that time, Plaintiff approached the Director of Nursing and asked her if they could speak for a moment.

43.     In response, the Director of Nursing ignored Plaintiff and walked away.

44.     Near the end of the October 31, 2022 event, Defendant Robinson sat down next to Plaintiff and asked her how many children she wanted to have, which comment the Director of Nursing and another instructor was present for.

45.     This comment made Plaintiff very uncomfortable and she tried to ignore Defendant Robinson.

46.     On or about November 5, 2022, while Plaintiff was attending Defendant Robinson's class, Defendant Robinson stated to the whole class that he was looking for a girl from a third world country who thinks $50,000 per year is a lot of money, that has low self-esteem and daddy issues "like Juwanna" (referring to Plaintiff).

47.     Defendant Robinson laughed in Plaintiff's face after making the aforementioned comment.

48.     Defendant Robinson then asked Plaintiff if she wanted to come over to his house, that he had liquor, that he knew Plaintiff likes to drink, and that Plaintiff would have to leave before his children woke up.

49.     Plaintiff refused Defendant Robinson's advance.

50.     Upon hearing Plaintiff's refusal, Defendant Robinson again asked Plaintiff if she was sure she did not want to come to his house.

51.     Plaintiff again refused.

52.     Defendant Robinson then stated loudly in front of Plaintiff's class that Plaintiff was ugly anyway.

53.     Defendant Robinson then began passing around a photograph of another professor, and he stated that Plaintiff looks like said professor who is "ugly."

54.     Plaintiff responded by saying to Defendant Robinson that he did not have any business looking at Plaintiff or any student and if he was looking at her/students in that way, he needed to keep it to himself.

55.     A few minutes later, Defendant Robinson approached Plaintiff and told her that he does like the way that she looks.

56.     Defendant Robinson then stated to Plaintiff, while laughing, if she was in a hurry to go home that day so she could prepare her body for her boyfriend later that night.

57.     On or about November 8, 2022, Plaintiff received a letter from Defendant's Director of Nursing that Plaintiff was not meeting academic standards.

58.     Specifically, Plaintiff was told that she had failed Professor Robinson's class, despite the fact that the semester was not yet over.

59.     However, at the time of the letter, Plaintiff was meeting the academic standards set forth by Defendant College.

60.     Upon information and belief, Defendant College and/or Defendant Robinson altered Plaintiff's grades in retaliation for her objecting to the sexual harassment she was experiencing.

61.     Plaintiff was supposed to graduate in December 2022, but was required to attend school in the spring of 2023 because of the failing grade she received.

62.     Plaintiff continued to try to meet with Defendant College's Director of Nursing to discuss the sexual harassment, but the Director of Nursing continue to refuse to meet with Plaintiff.

63.     On or about November 22, 2022 while in Defendant Robinson's class, Defendant Robinson stated that he as going to be a doctor soon and said "some of you need a script…yeah, I'll write you a script Juwanna for anxiety medication."

64.    Defendant Robinson then walked towards Plaintiff and said "yeah, get mad, Juwanna, get mad," as he walked closer and closer to Plaintiff until he was right in front of her face.

65.    The comments demonstrate that Defendant College perceived Plaintiff as disabled.

66.    In or around the end of November 2022 or early December 2022, Defendant Robinson stated, in front of the class, "some women like anal sex, isn't that right Juwanna?"

67.    On or about the last day of final exams in December 2022, Defendant Robinson required all students to fill out an evaluation of his teaching.

68.    Defendant Robinson stated that they would not pass the final exam if they did not fill out teaching evaluations.

69.    Defendant Robinson stood extremely close to Plaintiff the entire time she was filling out the teaching evaluation; likely to ensure that she did not report the harassment and discrimination she was experiencing.

70.    During Defendant Robinson's final exam, he came and sat behind Plaintiff, leaned forward and whispered to Plaintiff, "You gonna wish you gave me some of that pussy."

71.    Defendant Robinson failed Plaintiff on her final exam, although she believes if fairly graded, she would have passed the examination.

72.    Plaintiff was then put on academic probation and suspension by Defendant College.

73.    Plaintiff continued to be ignored by Defendant College's Director of Nursing when she tried to meet with her to discuss the ongoing discrimination and harassment.

74.    Plaintiff was still assigned to a class with Defendant Robinson for the spring 2023 semester.

75.    On or about February 6, 2023, while in Defendant Robinson's class, he asked another student if they thought Plaintiff has "hair like wool."

76.     In approximately the beginning of March 2023, Plaintiff was in Defendant Robinson's class when he came up to her and grabbed a beverage that was sitting in front of her, almost touching her breast, while smirking and stating, "let me throw this away for you."

77.     Throughout the spring 2023 semester, when Plaintiff took tests in Defendant Robinson's class, Defendant Robinson would stand so close to Plaintiff that his leg would touch the leg of Plaintiff's chair.

78.     In or about March 2023, while in Defendant Robinson's class, Defendant Robinson stated to Plaintiff, "some people are really scandalous" while rolling his eyes at Plaintiff.

79.     Throughout the semester, Plaintiff also noticed that other professors were treating her differently and more negatively.

80.     For example, Plaintiff noticed that her grades were being altered.

81.     Due to the continuous, overwhelming, severe, and pervasive discrimination, retaliation, and harassment Plaintiff was experiencing, she could no longer attend school at Defendant College.

82.     Plaintiff had no choice but to withdraw from the college, which she did on or about March, 22, 2023.

83.     Plaintiff's tuition was not returned to her.

84.     Due to Defendants' conduct, Plaintiff's graduation, and thus her career, was delayed.

## COUNT I –SEX DISCRIMINATION-DISPARATE TREATMENT IN VIOLATION OF TITLE IX
### (v. Defendant College)

85.    Plaintiff hereby re-alleges and incorporates by reference the allegations stated in the above paragraphs as if fully set forth herein.

86.    Plaintiff is a member of the protected class of sex because she is female.

87.    Plaintiff was denied the benefits of and subjected to discrimination in Defendant College's education program because of sex.

88.    Upon information and belief, Defendant College receives federal financial assistance.

89.    Defendant College treated Plaintiff differently than similarly situated male students because of her sex.

90.    Defendant College placed Plaintiff on academic suspension and probation, delayed her graduation date, and forced her to end her education with Defendant College because of Plaintiff's sex.

91.    Defendant College engaged in a pattern and practice of discrimination based on sex.

92.    Defendant College, through Defendant Robinson and the Director of Nursing, as well as other employees and agents, had actual knowledge of the discrimination Plaintiff was enduring.

93.    Upon information and belief, Defendant College had knowledge of past sexual harassment of students Defendant Robinson had engaged in.

94.    Defendant College, through its employees and agents, had a duty to provide Plaintiff with a suitable education.

95.    Defendant College failed to provide Plaintiff with the education that it was required to provide.

96.    The aforesaid occurrences were the direct and proximate result of the actions of Defendant College and its employees and agents while acting within the scope and course of their employment with Defendant College.

97.    As a direct and proximate result of Defendant College's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

98.    As a direct and proximate result of the unlawful conduct of Defendant College as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

99.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

100.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

101.    Plaintiff seeks equitable relief to make her whole.

102.    Defendant College's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant College for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, lost tuition and front pay,

injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT II – RETALIATION IN VIOLATION OF TITLE IX
### (v. Defendant College)

103.    Plaintiff hereby re-alleges and incorporates by reference the allegations stated in the above paragraphs as if fully set forth herein.

104.    Plaintiff complained to Professor Russell Robinson of discrimination and told him to stop the discriminatory and harassing conduct.

105.    Plaintiff contacted Defendant's Director of Nursing multiple times in an attempt to report the discriminatory and harassing conduct Plaintiff was enduring.

106.    Upon information and belief, Defendant's Director of Nursing knew why Plaintiff was attempting to contact her and therefore refused to speak directly to Plaintiff.

107.    In retaliation for reporting/attempting to report discrimination and harassment, Defendant placed Plaintiff on academic suspension and probation, delayed her graduation date, and forced her to end her education with Defendant.

108.    Plaintiff was subjected to intimidation, threats, coercion, and discrimination because she complained and attempted to complain of the discrimination and harassment she was enduring.

109.    Defendant College, through its employees and agents, had a duty to provide Plaintiff with a suitable education.

110.    Defendant College failed to provide Plaintiff with the education that it was required to provide.

111.    The aforesaid occurrences were the direct and proximate result of the actions of Defendant College and its employees and agents while acting within the scope and course of their employment with Defendant College.

112.    As a direct and proximate result of Defendant College's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

113.    As a direct and proximate result of the unlawful conduct of Defendant College as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

114.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

115.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

116.    Plaintiff seeks equitable relief to make her whole.

117.    Defendant College's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant College for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, lost tuition and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT III – SEXUAL HARASSMENT IN VIOLATION OF TITLE IX
### (v. Defendant College)

118.     Plaintiff hereby re-alleges and incorporates by reference the allegations stated in the above paragraphs as if fully set forth herein.

119.     Upon information and belief, Defendant College had actual knowledge of the sexual harassment Plaintiff was enduring.

120.     Upon information and belief, the Director of Nursing for Defendant College had authority to institute corrective measures on Defendant's behalf.

121.     Upon information and belief, the Director of Nursing had actual knowledge of, and was deliberately indifferent to, Defendant Robison's misconduct.

122.     Defendant College was deliberately indifferent to the misconduct.

123.     Defendant College failed to take reasonable steps to eliminate the harassment Plaintiff was enduring.

124.     Defendant College failed to remedy the effects of the harassment Plaintiff endured.

125.     Defendant College effectively chose not to remedy the harassment Plaintiff was enduring.

126.     The harassment suffered by Plaintiff was severe, pervasive, and objectively offensive.

127.     The harassment suffered by Plaintiff was based on sex.

128.     The harassment deprived Plaintiff of access to the educational benefits or opportunities provided by Defendant College.

129.     The sexual harassment occurred in the context of an educational activity.

130.    The harassment had the systemic effect of depriving Plaintiff of access to education benefits or opportunities.

131.    As a result of the hostile and offensive environment, Plaintiff's educational opportunities and experience was greatly diminished.

132.    Defendant College, through its employees and agents, had a duty to provide Plaintiff with a suitable education.

133.    Defendant College failed to provide Plaintiff with the education that it was required to provide.

134.    The aforesaid occurrences were the direct and proximate result of the actions of Defendant College and its employees and agents while acting within the scope and course of their employment with Defendant College.

135.    As a direct and proximate result of Defendant College's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

136.    As a direct and proximate result of the unlawful conduct of Defendant College as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

137.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

138.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

139.    Plaintiff seeks equitable relief to make her whole.

140.    Defendant College's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant College for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, lost tuition and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

### COUNT IV- VIOLATION OF THE FOURTEENTH AMENDMENT- § 1983
### (v. Defendant College)

141.    Plaintiff hereby re-alleges and incorporates by reference the allegations stated in the above paragraphs as if fully set forth herein.

142.    Plaintiff is a citizen of the United States of America.

143.    Defendant College is a person under § 1983 and is responsible for all official conduct by its employees, including Defendant Robinson.

144.    Upon information and belief, Defendant College is, and at all pertinent times was, a municipal subdivision of the State of Kansas and receiving federal and state funding, acting under color of state law.

145.    Plaintiff was subjected to unequal treatment by Defendant because of her sex.

146.    Defendant Donnelly College's custom, policy, and/or widespread practice was a moving force behind the constitutional violations Plaintiff endured.

147.    Defendant Donnelly College's inadequate training amounted to deliberate indifference causing the constitutional violations Plaintiff endured.

148.    Defendant Donnelly College participated in and consciously acquiesced to the conduct Plaintiff endured.

149.    All actions taken by Defendants with respect to Plaintiff were in furtherance of Defendant College's governmental policy regarding educational matters.

150.    Plaintiff has a constitutional right, via the Fourteenth Amendment to the United States Constitution, to Equal Protection of the laws and substantive and procedural Due Process.

151.    Plaintiff has a protected property right to education that cannot be denied arbitrarily and capriciously or without due process of law.

152.    Plaintiff has a constitutionally protected liberty interest to be free from mistreatment based on sex in school.

153.    Plaintiff has a constitutionally protected right to be free from arbitrary and capricious action by persons acting under color of state law.

154.    Plaintiff has a constitutionally protected liberty interest to be free from arbitrary and capricious actions that stigmatize her and create or disseminate a defamatory impression regarding her conduct.

155.    The course of sex discrimination/harassment, intimidation, and retaliation, described herein, deprived Plaintiff of her constitutionally and federally protected rights described in the proceeding paragraphs.

156.    Defendants, acting under color of state law, placed Plaintiff in an unsafe position that she would otherwise not have been in.

157.    Defendant College is liable for the actions of Defendant Robison and its other employees for depriving Plaintiff of her constitutionally and federally protected rights as described above.

158.    Defendant College demonstrated deliberate indifference towards Plaintiff's constitutional rights by failing to take action that was obviously necessary to prevent or stop the sexual harassment, discrimination, and retaliation in violation of her rights under the due process clause of the Fourteenth Amendment to the United States Constitution.

159.    As a direct and proximate result of the conduct to which Plaintiff was subjected and Defendant College's failure to prevent it and take appropriate corrective action, Plaintiff has suffered damage.

160.    The aforesaid occurrences were the direct and proximate result of the actions of Defendant College and its employees and agents while acting within the scope and course of their employment with Defendant College.

161.    As a direct and proximate result of Defendant College's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

162.    As a direct and proximate result of the unlawful conduct of Defendant College as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

163.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

164.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

165.    Plaintiff seeks equitable relief to make her whole.

166.    Defendant College's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant College for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, lost tuition and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT V- VIOLATION OF THE FOURTEENTH AMENDMENT - § 1983
### (v. Defendant Robinson)

167.     Plaintiff hereby re-alleges and incorporates by reference the allegations stated in the above paragraphs as if fully set forth herein.

168.     Plaintiff was subjected to unequal treatment by Defendant because of her sex.

169.     Defendant Russell Robinson was acting under color of state law.

170.     Defendant Robinson, in his official capacity, took action against Plaintiff with malicious intent to cause a deprivation of constitutional rights and/or injury to Plaintiff.

171.     Defendant Robinson's knew or reasonably should have known that his actions would violate the constitutional rights of Plaintiff.

172.     Defendant Robinson's actions occurred while he was acting in his official capacity as Plaintiff's professor.

173.     Defendant Robinson's actions are representative of an official policy or custom of Defendant College in that the discriminatory practice is permanent and well settled.

174.     Plaintiff was subject to unequal treatment by Defendant Robinson because of her sex.

175.     Plaintiff has a constitutional right, via the Fourteenth Amendment to the United States Constitution, to Equal Protection of the laws and substantive and procedural Due Process.

176.     Plaintiff has a protected property right to education that cannot be denied arbitrarily and capriciously or without due process of law.

177.     Plaintiff has a constitutionally protected liberty interest to be free from mistreatment based on sex in school.

178.     Plaintiff has a constitutionally protected right to be free from arbitrary and capricious action by persons acting under color of state law.

179.    Plaintiff has a constitutionally protected liberty interest to be free from arbitrary and capricious actions that stigmatize her and create or disseminate a defamatory impression regarding her conduct.

180.    The course of sex discrimination/harassment, intimidation, and retaliation, described herein, deprived Plaintiff of her constitutionally and federally protected rights described in the proceeding paragraphs.

181.    Defendants, acting under color of state law, placed Plaintiff in an unsafe position that she would otherwise not have been in.

182.    As a direct and proximate result of the conduct to which Plaintiff was subjected, Plaintiff has suffered damage.

183.    As a direct and proximate result of Defendant Robinson's actions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

184.    As a direct and proximate result of the unlawful conduct of Defendant Robinson as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

185.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

186.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

187.    Plaintiff seeks equitable relief to make her whole.

188.    Defendant Robinson's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Robinson for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, lost tuition and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VI VIOLATION OF THE REHABILITATION ACT OF 1973
### (v. Defendant College)

189.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

190.    Under § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), no qualified individual with a disability shall be excluded from participation in or denied the benefits of any program of activities receiving federal financial assistance due to that disability. 29 U.S.C. § 794(a).

191.    Plaintiff is entitled to protection from discrimination under § 504 of the Rehabilitation Act of 1973.

192.    Plaintiff is disabled, as defined by the Rehabilitation Act, at all relevant times herein and/or Plaintiff had a record of a disability and/or Defendant College regarded Plaintiff as being disabled.

193.    At all relevant times, Defendant College was aware that Plaintiff had an impairment and/or had a record of an impairment and/or perceived Plaintiff as having an impairment.

194.    Upon information and belief, Defendant receives federal financial assistance, which has been used, at least in part, to fund Defendant's programs and activities, making the Defendant subject to the requirements of § 504 of the Rehabilitation Act.

195.    Plaintiff could participate in the services and benefits provided by Defendant College with or without reasonable accommodation.

196.    Defendant College unlawfully and intentionally discriminated against Plaintiff based upon her disability and/or because of her record of disability and/or because it regarded her as disabled.

197.    Plaintiff was excluded from participation in and denied the benefits of Defendant College's services, programs and activities.

198.    Defendant violated Plaintiff's rights under § 504 of the Rehabilitation Act by denying her equal access to educational services.

199.    Defendant College interfered with, recklessly disregarded, and denied Plaintiff her legal rights when it placed Plaintiff on academic probation and suspension, delayed her graduation date, and forced her to end her education with Defendant College.

200.    Plaintiff's disability and/or Plaintiff's record of disability and/or Defendant College's perception that Plaintiff is disabled, was the reason and a motivating factor for Defendant College dismissing Plaintiff.

201.    Defendant College's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

202.    By failing to take prompt and effective remedial action, Defendant College in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

203.    As a direct and proximate result of Defendant College's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

204.    As a direct and proximate result of the unlawful conduct of Defendant College as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

205.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

206.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

207.    Plaintiff seeks equitable relief to make her whole.

208.    Defendant College's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant College for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VII – RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973
### (v. Defendant College)

209.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

210.    Plaintiff is entitled to protection from discrimination under § 504 of the Rehabilitation Act.

211.    Defendant violated Plaintiff's rights under § 504 of the Rehabilitation Act by denying her equal access to educational services.

212.    Plaintiff opposed Defendant's discrimination of Plaintiff.

213.    Due to this engagement in a legally protected activity, Defendant College subjected Plaintiff to a school environment permeated with discriminatory intimidation, ridicule, and insult.

214.    The treatment Plaintiff endured was severe and/or pervasive sufficient to alter the conditions of the schooling environment and created an abusive environment.

215.    The individuals conducting the harassment were instructors of Plaintiff and had supervisory authority.

216.    Plaintiff's disability and/or Plaintiff's record of disability and/or Defendant College's perception that Plaintiff is disabled, was a motivating factor in Defendant College's decision to harass Plaintiff.

217.    Defendant College's actions and/or omissions constitute a pattern or practice of harassing behavior.

218.    By failing to take prompt and effective remedial action, Defendant College in effect condoned, ratified and/or authorized the harassment of Plaintiff.

219.    As a direct and proximate result of Defendant College's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

220.    As a direct and proximate result of the unlawful conduct of Defendant College as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

221.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

222.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

223.    Plaintiff seeks equitable relief to make her whole.

224.    Defendant's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant College for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## <u>COUNT VIII – FAILURE TO ACCOMMODATE IN VIOLATION OF THE</u><br><u>REHABILITATION ACT OF 1973</u><br><u>(v. Defendant College)</u>

225.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above paragraphs as if fully set forth herein.

226.    Plaintiff was disabled, as defined by the Rehabilitation Act, at all relevant times herein and/or Plaintiff had a record of a disability and/or Defendant College regarded Plaintiff as disabled.

227.    Defendant College unlawfully and intentionally discriminated against Plaintiff based upon disability.

228.    Plaintiff put Defendant College on notice of her disability.

229.    Defendant College was aware of Plaintiff's need for an accommodation.

230.    Defendant College failed to accommodate Plaintiff's disability in violation of the Rehabilitation Act.

231.    Defendant College's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

232.    By failing to take prompt and effective remedial action, Defendant College in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

233.    As a direct and proximate result of Defendant College's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

234.    As a direct and proximate result of the unlawful conduct of Defendant College as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished

career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

235.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

236.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

237.    Plaintiff seeks equitable relief to make her whole.

238.    Defendant College's actions were outrageous and malicious and were committed with evil motive and/or reckless indifference to the Plaintiff's rights; thereby, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant College for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, equitable relief, back pay, lost benefits, and front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT IX – TORTIOUS INTERFERENCE WITH A CONTRACT
### (v. Defendant Robinson)

239.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above paragraphs as if fully set forth herein.

240.    Plaintiff had a valid contractual relationship and/or business expectancy with Defendant College at all operative times.

241.    Defendant Robinson knew of the contractual relationship and/or business expectancy between Plaintiff and Defendant College.

242.    Defendant Robinson intentionally interfered with the contractual relationship and/or business expectancy between Plaintiff and Defendant College to intentionally induce a breach and/or termination of the relationship and/or expectancy.

243.    Defendant Robinson had no reasonable justification or excuse for his actions.

244.    As a result of Defendant Robinson's actions, Plaintiff suffered damages, including a forced breach of the contractual relationship and/or loss of business expectancy between Plaintiff and Defendant.

245.    As a direct and proximate result of Defendant Robinson's actions and/or omissions, Plaintiff has been deprived of income and benefits, as well as other monetary and non-monetary benefits.

246.    As a direct and proximate result of the unlawful conduct of Defendant Robinson as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of past and future wages and benefits, lost tuition, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, loss of enjoyment of life, and other non-pecuniary losses.

247.    Plaintiff has incurred, and continues/may continue to incur, costs, expenses, expert witness fees, attorneys' fees, and seeks the same from the Court upon Plaintiff being found the prevailing party in this action.

248.    Plaintiff seeks pre and post judgment interest at the highest lawful rate.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Robinson for economic damages, pecuniary damages, non-pecuniary damages, compensatory damages, loss of business expectations, loss of contractual benefits, back pay, and

front pay, injunctive relief, emotional distress damages, punitive damages, for Plaintiff to be found

the prevailing party in this action, for reasonable attorneys' fees, expenses, and costs, for pre- and

post-judgment interest as allowed by law, and for such other and further legal and equitable relief

as this Court deems just and proper.

### DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of

wrongful conduct alleged in this Complaint.

Respectfully Submitted,

EDELMAN, LIESEN & MYERS, L.L.P.

/s/Katherine E. Myers_____
Katherine E. Myers KS #25833
kmyers@elmlawkc.com
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Telephone: (816) 533-4976
Facsimile: (816) 463-8449

**ATTORNEY FOR PLAINTIFF**